NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEVEN MORRILL, *Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency,
*Appellee.*

No. 1 CA-UB 21-0096
FILED 5-10-2022

Appeal from the A.D.E.S. Appeals Board
No.  U-1694799-001-B

**AFFIRMED**

APPEARANCES

Steven Morrill, Surprise
*Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

_____

**C A M P B E L L**, Judge:

¶1          In this case, we consider Appellant Steven Morrill's eligibility for Pandemic Unemployment Assistance Act (PUA) benefits under the federal Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. § 9021, as administered by Appellee Arizona Department of Economic Security (ADES). An ADES administrative law judge (ALJ) and the ADES Appeals Board found that Morrill was not eligible for PUA benefits. Because the record supports the Appeals Board's conclusion that Morrill was not unemployed as a direct result of COVID-19, we affirm the decision.

**BACKGROUND**

¶2          The relevant and material facts are undisputed. Morrill worked for Bolt Security beginning in October 2016. In September 2019, he was injured in a car accident and could not work because of his injuries. Bolt Security later discharged him from employment. Morrill did not obtain other employment.

¶3          In April 2020, Morrill applied for PUA benefits claiming that he was unemployed as a direct result of the COVID-19 pandemic and that his employer had reduced his hours because of COVID-19. He also stated that he could not go to work because of COVID-19. He acknowledged in his application that Bolt Security had discharged him in September 2019 for "absenteeism." He also declared that he had not quit a job based on COVID-19. He explained that he had not been laid off due to lack of work after a business closure caused by COVID-19, and that his failure to return to work was not a result of the business closure because of COVID-19. He began receiving PUA benefits and confirming his eligibility weekly.

¶4          According to Morrill, Bolt Security was willing to rehire him in June or July 2020, but he declined to return to work because he was afraid of contracting COVID-19. In July 2020, he contracted COVID-19 and was ill for several weeks. In December 2020, ADES issued a Disqualifying

2

Determination Letter stating that, after reviewing his application, Morrill was not qualified for PUA because his employer had not reduced his hours because of COVID-19 as he had claimed in his application, rather he had been discharged by Bolt Security in 2019, before the pandemic. Thus, ADES concluded Morrill's unemployment was not a direct result of the pandemic.

**¶5**         Morrill requested a hearing before an ALJ. The ALJ took Morrill's testimony and found that he was not qualified for PUA because his employment with Bolt ended before the pandemic began and that his "subsequent reluctance to seek employment" was "due to a general fear of contracti[ng] [COVID-19] . . . not [due] to any of the specific [circumstances listed in the PUA statute]." Morrill appealed to the Appeals Board and provided test results from July and August 2020, ostensibly showing the presence of COVID-19 in his body. The Appeals Board concluded that Morrill had not been diagnosed with COVID-19 by "interpret[ing]" the test results as negative.

**¶6**         Morrill applied for review of the Appeals Board decision, and we granted his application under A.R.S. § 41-1993. We requested briefing on the issues of whether the Appeals Board's interpretation of Morrill's test results was supported and, if the test results did show that Morrill was positive for COVID-19, whether a remand was necessary to determine his eligibility for PUA benefits.

## DISCUSSION

**¶7**         In March 2020, in response to the COVID-19 pandemic, Congress passed, and the President signed, the CARES Act of 2020 (15 U.S.C. § 9001-9141), which includes a section for PUA benefits (15 U.S.C. § 9021 (2020)).[1] The federal government provided funds to be administered by state unemployment benefits agencies. PUA was a temporary program designed to provide limited benefits to those who did not qualify for regular unemployment benefits or who had exhausted all other benefits available. 15 U.S.C. § 9021(a)(3)(A)(i), (c)(2).

**¶8**         The PUA was intended to mitigate the economic effects of the pandemic. *See* Pandemic Unemployment Assistance Act, S. 3497, 116th Cong. (2020).[2] As relevant here, PUA eligibility is based on two factors: (1)

---

[1]         Throughout this appeal, we refer to the version of the statute in effect when Morrill filed for unemployment benefits.

[2]         Senate Bill 3497 was not enacted, but its provisions were incorporated into H.R. 748 (CARES Act).

ineligibility for regular unemployment benefits (including exhaustion of regular benefits) and (2) that "the individual is unemployed, partially unemployed, or unable or unavailable to work because" of one of the eleven COVID-19 related circumstances listed:

> a—the applicant has been diagnosed with COVID-19 or is experiencing COVID-19 symptoms and is seeking a medical diagnosis;
>
> b—a household member has been diagnosed with COVID-19;
>
> c—the applicant is providing care for a family member or a household member who has been diagnosed with COVID-19;
>
> d—a child or other household member for whom the applicant has primary caregiving responsibility for is unable to attend school or another facility as a direct result of the COVID-19 public health emergency and the care provided at school or the facility is needed for the applicant to work;
>
> e—the applicant cannot go to a place of work because a quarantine has been imposed as a direct result of the COVID-19 public health emergency;
>
> f—the applicant cannot go to a place of work because a health care provider has advised the applicant to self-quarantine due to concerns related to COVID-19;
>
> g—the applicant was slated to start a job but cannot or is unable to reach the job as a direct result of the COVID-19 public health emergency;
>
> h—the applicant has become the breadwinner or major support for the household because the head of the household has died as a direct result of COVID-19;
>
> i—the applicant has to quit a job as a direct result of COVID-19;
>
> j—the applicant's place of work closed as a direct result of the COVID-19 public health emergency;
>
> k—the applicant satisfies other criteria as established by the Secretary.

§ 9021(a)(3)(A)(ii)(I)(aa)-(kk). In sum, as relevant to Morrill's application, eligibility for PUA benefits is limited to those who lose a job or cannot begin a confirmed job as a direct result of the COVID-19 pandemic.

¶9            Our review of the record confirms Morrill's unemployment was caused by his car accident and the resulting injuries, and not by the pandemic. He became unemployed in September 2019 for a reason unrelated to COVID-19, as defined by § 9021(a)(3)(A)(ii)(I). His former employer offered Morrill his job back, but Morrill turned down that job based on his fear of contracting COVID-19.

¶10          Nor need we address whether the record supported the Appeals Board's "interpretation" of Morrill's COVID-19 tests from July and August 2020. For purposes of this appeal, we accept Morrill's claim that he tested positive for COVID-19 in July or August 2020. Even so, those positive tests are not material to his eligibility for PUA benefits. Morrill had been unemployed since September 2019. He declined to return to his previous employment in June or July 2020. Morrill applied for unemployment benefits in April 2020, well before he contracted COVID-19. That he tested positive for COVID-19 subsequently in July and August 2020 did not affect his unemployment status. His positive COVID-19 tests did not preclude his re-employment, nor did they retroactively render him eligible for PUA benefits. Morrill did not return to work when given the opportunity the month preceding his infection. And he presented no evidence that he lost employment, or a confirmed job offer because he contracted COVID-19. Without this evidence, and because his unemployment predates him contracting COVID-19, Morrill is not eligible for PUA benefits.

¶11          For these reasons, when Morrill sought and began receiving PUA benefits, he was not unemployed nor unable to work "because of" COVID-19. Given these facts, COVID-19 was not the cause of Morrill being unemployed and therefore he is not a person covered under the PUA benefit scheme.

**CONCLUSION**

¶12          Because Morrill was not eligible for PUA benefits, we affirm the Appeals Board's denial of his administrative appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA